**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DAWN ZIMMERMAN,**

      **Plaintiff,**

      **v.**　　　　　　　　　　　　**Case Number 2:24-cv-1153**
　　　　　　　　　　　　　　　　　**Judge Edmund A. Sargus, Jr.**
　　　　　　　　　　　　　　　　　**Magistrate Judge Kimberly A. Jolson**

**RUSS STEAMER SERVICE, LLC,** *et al.***,**

      **Defendants.**

## <u>OPINION AND ORDER</u>

This matter is before the Court on the following motions: (1) Defendant Target Corporation's ("Target") Motion for Summary Judgment (ECF No. 131); (2) Defendant Amerit Fleet Solutions, Inc.'s ("Amerit") Motion for Summary Judgment (ECF No. 133); (3) Target and Amerit's Joint Motion to Dismiss Cross-Claim Without Prejudice (ECF No. 105); and (4) Target's Motion to Preclude Any Testimony or Evidence from Plaintiff's Experts (ECF No. 132), which Amerit moved to join by Notice of Joinder with Target's Motion to Preclude Plaintiff's Experts (ECF No. 136).

For the reasons below, Target's Motion for Summary Judgment (ECF No. 131) is **GRANTED** and Amerit's Motion for Summary Judgment (ECF No. 133) is **GRANTED in part** and **DENIED WITHOUT PREJUDICE in part**. Target and Amerit's Joint Motion to Dismiss Cross-Claim Without Prejudice (ECF No. 105) is **GRANTED**. Amerit's Notice of Joinder with Target's Motion to Preclude Plaintiff's Experts (ECF No. 136) is **GRANTED**, but Target's Motion to Preclude Any Testimony or Evidence from Plaintiff's Experts (ECF No. 132) is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff Dawn Zimmerman brings this action regarding injuries to her hand that she suffered while operating a truck at a Target distribution center in West Jefferson, Ohio. (Compl., ECF No. 2, ¶¶ 2–3, 51–52.)

## I.      Factual Background

Ms. Zimmerman was a "yard spotter" employed by Russ Steamer Service, LLC ("RSS") to work at the Target distribution center. (Zimmerman Dep., ECF No. 129, 30:16–18.) Her duties included driving a "yard truck" to move trailers from the loading docks to the yard, where the long-haul drivers would pick up the loads, inspecting the trailers, and logging the trailers' temperatures. (*Id.* 30:21–31:11.)

Target contracts with RSS to provide truck drivers to operate Target's yard trucks at the distribution center. (Spranger Dep., ECF No. 128, 8:21–9:5.) Target also contracts with Amerit to maintain and repair the trucks and trailers at the distribution center. (Metzger Dep., ECF No. 125, 15:5–9.)

On October 30, 2019, Ms. Zimmerman was operating a yard truck at work when she struck a cement pole and injured her hand. (Zimmerman Dep., 60:20–61:9.) According to Ms. Zimmerman, it was raining and the windows of her truck were fogging up. (*Id.* 53:17–19; 55:21–22.) She attempted to wipe the windows with her arm, but they continued to fog up. (*Id.* 57:24–58:12.) Ms. Zimmerman stated that she could not see out of the driver's side window, which caused her to misjudge the position of the cement pole and hit it with the truck. (*Id.* 61:1–9; 69:13–15.) The collision caused the truck's steering wheel to spin. (*Id.* 72:8–13.) A spinner knob attached to the steering wheel struck Ms. Zimmerman's hand, injuring two of her fingers. (*Id.* 72:8–13; 78:21–22.)

2

Before the accident, Ms. Zimmerman took the truck to an Amerit mechanic, Matthew Robinson, claiming there was a problem with the truck's defroster. (*Id.* 55:23–56:5.) Mr. Robinson saw that the defroster knob was "not adjusted to the hot side to where it would let the vehicle defrost," so he turned the dial all the way to "hot" and the window began to defrost. (Robinson Dep., ECF No. 126, 10:15–18; 12:6–14; 25:15–26:1.) According to Ms. Zimmerman, Mr. Robinson also told her to use the oscillating fan in the truck and keep the window cracked open. (Zimmerman Dep., 56:1–5.) Ms. Zimmerman states that the issue persisted so she took the truck to Mr. Robinson a second time, but he said there was nothing else he could do because everything was working. (*Id.* 57:5–12.) Ms. Zimmerman also states that she sent a text message to her supervisor at RSS, Brian Arends, about the defroster, but did not receive a response from him. (*Id.* 142:16–23.)

RSS maintains a "stop-work" policy, which provides that when there is a problem with a truck, the driver is supposed to "red tag" it by placing a red tag on the truck, which signals to Amerit that a repair is needed, and use a different truck for the remainder of his or her shift. (Arends Dep., ECF No. 122, 25:1–6; Metzger Dep., 28:11–17; Koehler Dep., ECF No. 124, 22:22–23:22; Dexter Dep., ECF No. 123, 30:21–31:18.) Mr. Robinson, the Amerit mechanic, testified that he told Ms. Zimmerman to use another truck if she continued having trouble with the defroster. (Robinson Dep., 28:1–4.) Mr. Arends, the RSS supervisor, testified that he did speak to Ms. Zimmerman before the accident and that he told her to "red tag" the truck and use another one for the rest of her shift. (Arends Dep., 24:15–21.) Ms. Zimmerman acknowledged the stop-work policy in her deposition. (Zimmerman Dep., 143:10–144:4; 189:8–190:5.)

It is unclear if the truck's defroster was broken on the date of the accident. Mr. Robinson worked on the truck after the accident occurred, and recalled damage to a mirror, damage to a

turn-signal light, a dent on the exterior of the truck, and paperwork and debris inside the truck on the dash. (Robinson Dep., 11:10–23.) He did not recall anything being wrong with the defroster. (*Id.* 23:4–9.) But a work order[1] from around the time of the accident contains somewhat inconsistent notes as to whether the defroster was broken. One note, purported to be from October 31 (the date after the accident), states "defroster repaired," but another note, either from October 30 or October 31, states "checked button in wrong position working." (*Id.* 13:10–19.) Mr. Robinson testified that he did not know what "defroster repaired" referred to. (*Id.* 13:10–14:4.) He also said that if he had repaired the defroster, he would have added detailed notes to the work order, as was required by his boss. (*Id.*)

Ms. Zimmerman alleges that her injuries were also caused by the spinner knob, which is an after-market device some RSS drivers attached to the trucks' steering wheels because it makes maneuvering the truck easier. (Dexter Dep., 10:18–11:11; Arends Dep., 129:11–19.) Ms. Zimmerman testified that she told Mr. Arends at the time of her hiring that she would not use the spinner knob. (Zimmerman Dep., 76:22–77:10.) According to Ms. Zimmerman, Mr. Arends told her that she could take the spinner knob off, but other drivers would likely put it back on. (*Id.*) Removing the knob requires tools, and Ms. Zimmerman stated that she did not want to waste time by taking the spinner knob off every time she worked. (*Id.* 77:10–78:6.)

Ms. Zimmerman contends that spinner knobs are dangerous, and that one should not have been installed on the steering wheel of her truck. (*See, e.g.*, ECF No. 139, PageID 2209.) Target asserts that it did not provide or install the spinner knobs and was not aware that one had been installed in the truck. (ECF No. 131, PageID 2015.) Amerit states that it did not install the spinner knobs on the trucks and they could be removed at the discretion of RSS employees.

---

[1] The work order has not been provided to the Court.

(ECF No. 133, PageID 2067.) Spinner knobs are not categorically prohibited under Occupational Safety and Health Administration ("OSHA") regulations, but they are not permitted on certain types of industrial trucks. *See* 29 C.F.R. § 1926.602(c)(1)(iv).

## II.     Procedural Background

This is the second lawsuit filed by Ms. Zimmerman regarding the October 30, 2019 incident. The first time, she filed her first lawsuit in the Franklin County Ohio Court of Common Pleas on October 26, 2021, naming as defendants RSS, Target, Amerit, the Ohio Bureau of Workers' Compensation ("Ohio BWC"), and John/Jane Doe #1–25. (*See* Southern District of Ohio Case No. 2:22-cv-40, ECF Nos. 1, 3; complaint also filed in the instant case at ECF No. 29-1.) After removal, the Court granted a motion for judgment on the pleadings filed by RSS. *Zimmerman v. Russ Steamer Serv., LLC*, No. 2:22-cv-00040, 2022 WL 4357489, at *3 (S.D. Ohio Sep. 20, 2022). On February 27, 2023, the Court granted a motion for voluntary dismissal filed by Ms. Zimmerman. *Zimmerman v. Russ Steamer Serv., LLC*, No. 2:22-cv-00040, 2023 WL 2242118, at *2 (S.D. Ohio Feb. 27, 2023).

Almost one year later, Ms. Zimmerman brought this action in the Franklin County Ohio Court of Common Pleas against the same defendants. (ECF No. 1.) The Complaint brings four claims: (1) declaratory judgment regarding "which party owes what duties to Ms. Zimmerman pursuant to agreements among [Defendants]"; (2) negligence; (3) negligence *per se*; and (4) negligent entrustment, employment, retention, and repair. (Compl.) Additionally, against Ohio BWC, she brings a declaratory judgment claim about the rights and obligations of Ohio BWC relative to her medical claim and lost employment payments. (*Id.*) Last, against the Doe Defendants, she alleges negligence and vicarious liability for negligent acts that caused her injuries. (*Id.*)

Target removed the action to this Court under the Court's diversity jurisdiction and federal question jurisdiction. (ECF No. 1.) Ohio BWC answered the Complaint and filed a counterclaim and crossclaim regarding payments made to Ms. Zimmerman, claiming that it "is entitled to reimbursement of its subrogation interest" to be recovered from Ms. Zimmerman and Defendants, jointly and severally. (ECF No. 3, PageID 62–63.) Target filed a crossclaim against Amerit, seeking a declaratory judgment that Amerit agreed to indemnify it. (ECF No. 10.)

RSS filed a motion for judgment on the pleadings (ECF No. 29) and Target filed a partial motion for summary judgment on the ground that Ms. Zimmerman's claims against Target are time-barred (ECF No. 39). The Court found that RSS is entitled to workers' compensation immunity under Ohio Revised Code § 4123.74 and granted RSS's motion, dismissing with prejudice Ms. Zimmerman's negligence, negligence *per se*, and negligent entrustment claims against RSS. (ECF No. 76, PageID 494–95.) The Court denied Target's partial motion for summary judgment, finding that Ms. Zimmerman's claims against Target were not time-barred. (*Id.* PageID 498.) Additionally, the Court dismissed without prejudice Ms. Zimmerman's declaratory judgment claim on standing and ripeness grounds. (*Id.*) Finally, the Court noted that Ms. Zimmerman had not moved to amend her pleadings to substitute the real names of the Doe Defendants and had not effected service on them as required by Federal Rule of Civil Procedure 4(m). (*Id.* PageID 499.) The Court therefore ordered Ms. Zimmerman to show cause as to why the Court should not dismiss her claims against the Doe Defendants for failure to effect service. (*Id.*)

Subsequently, Target and Amerit each filed a motion for summary judgment on Ms. Zimmerman's claims. (ECF Nos. 131, 133.) Ms. Zimmerman responded in opposition (ECF Nos. 139, 140), and Target and Amerit each replied (ECF Nos. 143, 144). Target and Amerit also filed

a motion to dismiss Target's crossclaim against Amerit. (ECF No. 105.) Also, Target moved to preclude Ms. Zimmerman from relying on expert testimony in the lawsuit (ECF No. 136), which Amerit requested to join (ECF No. 136). Ms. Zimmerman filed an opposition to the motion to preclude her from relying on expert testimony (ECF No. 134), and Target filed a reply (ECF No. 135).

<strong>ANALYSIS</strong>

The Court first considers Target's and Amerit's joint motion to dismiss Target's crossclaim against Amerit, followed by their motions for summary judgment. The Court then considers Target's motion to preclude Ms. Zimmerman from relying on expert testimony in this case, as well as Amerit's request to join that motion. Last, the Court addresses an outstanding matter concerning the Doe Defendants.

**I.      Target and Amerit's Joint Motion to Dismiss Cross-Claim Without Prejudice**

Target and Amerit jointly move to dismiss Target's crossclaim against Amerit under Federal Rules of Civil Procedure 41(a)(2) and 41(c). (ECF No. 105.) They represent that they entered into an agreement that will obviate the need for a decision on the crossclaim. For good cause shown, the Court **GRANTS** Defendants Target and Amerit's Motion. (ECF No. 105.) Target's crossclaim against Amerit is **DISMISSED WITHOUT PREJUDICE**.

**II.     Target's and Amerit's Motions for Summary Judgment**

Target and Amerit each move for summary judgment on Ms. Zimmerman's claims against them. The Court addresses each claim and Target's and Amerit's arguments for summary judgment below.

7

### A.      Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which it may achieve by demonstrating the non-moving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A.*, 12 F3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A genuine issue of material fact exists if the non-moving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morr Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

As a federal court exercising diversity jurisdiction over state common law claims, the Court, sitting in Ohio, applies Ohio law. *See, e.g.*, *Comm'r of Internal Revenue v. Est. of Bosch*, 387 U.S. 456, 464–65 (1967); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 68 (1938). "In diversity cases, the federal courts must apply state law 'in accordance with the then controlling decision of

the highest state court.'" *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 517 (6th Cir. 2001) (quoting *United States v. Anderson Cnty.*, 761 F.2d 1169, 1173 (6th Cir. 1985)).

### B. Negligence

For her negligence claim, Ms. Zimmerman alleges that all Defendants, including Target and Amerit, owed a "duty to exercise due care toward Ms. Zimmerman in the maintenance, repair, insurance, and/or operation of the truck," which they breached by "deliberately remov[ing] the defroster" and "deliberately remov[ing] the safety feature of the spinner knob free steering wheel" by "install[ing] a spinner knob" on the truck's steering wheel. (Compl., ¶¶ 64, 66, 69.) She also claims that all Defendants, including Target and Amerit, "breached duties to Ms. Zimmerman in [their] hiring, supervision, training, and/or retention of agents or employees related to [the truck's] mechanical condition." (*Id.* ¶ 70.)

The Court first notes that there is no evidence that the defroster was removed from the truck. (*See, e.g.*, Robinson Dep; Zimmerman Dep.) Ms. Zimmerman does not attempt to show that it was removed and instead changes her characterization of the defroster to "defective," arguing that Defendants knew or should have known that it was defective and should have repaired it or taken the truck out of service. (Opp. to Target Mot., ECF No. 139, PageID 2218; Opp. to Amerit Mot., ECF No. 140, PageID 2393.)

In Ohio, to recover under a theory of negligence, a plaintiff must demonstrate that there was a duty, a breach of that duty, proximate causation, and injury. *Menifee v. Ohio Welding Prods., Inc.*, 472 N.E.2d 707, 710 (Ohio 1984); *Strother v. Hutchinson*, 423 N.E.2d 467, 469 (Ohio 1981). "Whether a duty exists depends largely on the foreseeability of the injury to one in the plaintiff's position." *Jeffers v. Olexo*, 539 N.E.2d 614, 616 (Ohio 1989); *see also Menifee*, 472 N.E.2d at 710. "The existence of duty in a negligence action is a question of law for the

9

court to determine." *Mussivand v. David*, 544 N.E.2d 265, 270 (Ohio 1989); *see also Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006).

Because Target's and Amerit's roles and responsibilities differ with respect to the truck, the Court addresses each Defendant's liability for the negligence claim separately.

### 1. Target

It is undisputed that Target owned the truck Ms. Zimmerman drove on the date of the accident. (Target Mot., ECF No. 131, PageID 2006.) But Target asserts that Amerit "had the sole and total responsibility for any and all preventative maintenance and repairs" of the trucks. (*Id.* PageID 2008.) Target maintains that there is no evidence to show that it had any responsibility for maintaining or repairing the defroster. (*Id.* PageID 2017–18.) As for the spinner knob, Target argues that there is no evidence it installed, consented to the installation of, or knew about the spinner knob in the truck. (*Id.* PageID 2018–19.) Although Target does not frame its argument within the elements of negligence, the Court construes Target's argument as asserting that Target had no duty to Ms. Zimmerman with respect to the defroster or the spinner knob.

It is unclear whether Ms. Zimmerman is attempting to impose direct liability or vicarious liability on Target. (*See* Compl., ¶¶ 64–70.) Under either theory, however, Target is not liable to Ms. Zimmerman for negligence.

First, Target did not owe Ms. Zimmerman a duty with respect to the truck's defroster or the spinner knob. As stated above, "[w]hether a duty exists depends largely on the foreseeability of the injury to one in the plaintiff's position." *Jeffers*, 539 N.E.2d at 616; *see also Menifee*, 472 N.E.2d at 710. There is no evidence that Target was aware of (1) issues with the truck's defroster or (2) that a spinner knob had been installed on the truck's steering wheel. On the day of the accident, Ms. Zimmerman took the truck to an Amerit mechanic because it was Amerit's

10

responsibility to perform maintenance and repairs on the trucks—not Target's. (Zimmerman Dep., 207:3–23.) Further, Target did not inspect the trucks—RSS employees did. (*Id.* 207:24–208:13.) Thus, Target could not have known about any alleged defects with the defroster or the placement of the spinner knob, and it cannot be liable to Ms. Zimmerman for negligence. *See Menifee*, 472 N.E.2d at 710 ("[I]n the absence of the requisite knowledge, appellees could not have foreseen or reasonably anticipated the [plaintiff's] injuries, and as a matter of law, cannot be held liable for negligence.").

Second, Target is not vicariously liable for the acts of its independent contractors, here. "An employer of an independent contractor generally is not liable for the negligent acts of the independent contractor." *Pusey v. Bator*, 762 N.E.2d 968, 972 (Ohio 2002); *see also Herndon v. Torres*, 791 F. App'x 547, 552 (6th Cir. 2019). "The test to determine whether one is an employee or an independent contractor is whether the alleged employer had the right to control every manner of the individual's work." *Herndon*, 791 F. App'x at 551. Ms. Zimmerman does not dispute that Amerit and RSS are independent contractors of Target. (*See* Zimmerman Dep., 207:10–14.) And Ms. Zimmerman does not argue that an exception to the general rule that employers are not liable for negligence of independent contractors applies. Therefore, the Court finds that Target is not vicariously liable for any alleged negligence of RSS or Amerit.

For these reasons, Target is not directly or vicariously liable for negligence in the accident that injured Ms. Zimmerman's hand. Target's Motion for Summary Judgment on the negligence claim is **GRANTED**.

### 2. Amerit

Ms. Zimmerman argues that Amerit is liable for her injuries because it had a duty to repair and maintain the yard trucks, which it breached by failing to remove the spinner knob and

11

failing to repair the "defective defroster" or take the yard truck out of service. (Opp. to Amerit Mot., PageID 2394.)

Amerit asserts that there were no mechanical issues with the defroster. (Amerit Mot., PageID 2061.) It contends that truck windows fog up when it is cold, rainy, or humid, especially when a driver gets in and out of the vehicle multiple times, as the drivers at the distribution facility did. (*Id.* PageID 2062 (citing Dexter Dep., 14:24–15:13).) Amerit also asserts that it cannot be liable for injuries caused by the spinner knob because it did not install the spinner knob and Ms. Zimmerman did not complain about the spinner knob to Amerit. (*Id.* PageID 2067.)

The Court agrees with Amerit regarding the spinner knob. There is no evidence that Amerit had a duty to remove the spinner knob from the truck. As mentioned earlier, spinner knobs are not expressly prohibited under OSHA regulations. *See* 29 C.F.R. § 1926.602(c)(1)(iv). And there is nothing in the record, such as an RSS, Amerit, or Target policy, that prohibited the use of spinner knobs or required Amerit to remove them from the trucks.

A genuine issue of material fact seems to exist regarding Amerit's liability with respect to the defroster. There is no question that Amerit owed a duty to repair the yard trucks. And whether the defroster was broken determines whether Amerit breached that duty. The work order that reflects the work performed on the truck around the time of the accident seems to contain conflicting notes about the defroster. One note, purportedly dated October 31 (the date after the accident), states "defroster repaired," but another note, either from October 30 or October 31, states "checked button in wrong position working." (Robinson Dep., 13:10–19.) Mr. Robinson testified that he did not recall repairing the defroster and, if he had repaired it, he would have made detailed notes. (*Id.* 13:10–14:4.) When asked if he knew what "defroster repaired" referred

12

to, he stated that he did not and would need to review the work order, but the work order was not shown to him during his deposition. (*Id.* 13:10–14:4; 23:4–9.)

The work order is seemingly Ms. Zimmerman's sole evidence that the defroster was "defective," but she did not provide it to the Court. Accordingly, Ms. Zimmerman is **ORDERED** to file the work order on the Court's docket **within 14 days** of this Order.

Amerit further argues that it is entitled to summary judgment because Ms. Zimmerman was contributorily negligent. (Amerit Mot., PageID 2065.) Amerit contends that the accident was her fault and she should have "red tagged" her truck and refused to drive it. (*Id.*) Ms. Zimmerman does not directly respond to this argument but generally argues that Amerit had a duty to repair the truck or take it out of service. (Opp. to Amerit Mot., PageID 2394.)

In Ohio, contributory negligence is generally an issue for the jury to decide, but "summary judgment may be appropriate . . . where, after construing the evidence most strongly in plaintiff's favor, a reasonable person could only conclude that plaintiff's negligence was greater than the negligence of the defendant." *Robson v. Quentin E. Cadd Agency*, 901 N.E.2d 835, 843–44 (Ohio Ct. App. 2008) (quoting *Scassa v. Dye*, No. 02CA0779, 2003 WL 21500292, at *9 (Ohio Ct. App. June 27, 2003)); *see also* Ohio Rev. Code § 2315.33. "[T]he ability of the plaintiff to avoid a known peril has consistently been an important factor in evaluating or weighing contributory negligence for summary judgment purposes." *Gross v. Werling*, No. 2-99-06, 1999 WL 1015072, *4 (Ohio Ct. App. Sep. 30, 1999).

Construing the evidence in Ms. Zimmerman's favor—assuming that the defroster was defective and that Amerit breached its duty by not repairing it—Ms. Zimmerman contributed to her injury by continuing to operate the truck despite RSS's stop-work policy. Ms. Zimmerman acknowledged that the truck was unsafe to drive but continued to drive it anyway. (Zimmerman

Dep., 189:8–190:5.) The Court cannot, however, grant summary judgment on that basis because it is not evident whether Ms. Zimmerman's negligence was greater than Amerit's, especially since it is still unclear whether the defroster was in fact defective. *See Simmers v. Bentley Constr. Co.*, 597 N.E.2d 504, 508 (Ohio Ct. App. 1992) ("Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion."). Accordingly, a jury is best suited to determine the respective fault of the parties in this case.

In conclusion, Amerit's Motion for Summary Judgment on the negligence claim as to the spinner knob is **GRANTED**. Amerit's Motion for Summary Judgment on the negligence claim as to the truck's defroster is **DENIED WITHOUT PREJUDICE**. Ms. Zimmerman is **ORDERED** to file the work order reflecting the work performed on the truck around the time of the accident on the docket **within 14 days** of the date of this Order. If Ms. Zimmerman fails to comply, Amerit may file a renewed motion for summary judgment on the negligence claim.

### C. Negligence *Per Se*

For the negligence *per se* claim, Ms. Zimmerman alleges that all Defendants, including Target and Amerit, "violated federal, state, or local laws, including but not limited to the foregoing mentioned provisions, in the Collision." (Comp., ¶ 78.) The "foregoing mentioned provisions" are four OSHA regulations that Ms. Zimmerman cited in the Complaint. (*Id.* ¶¶ 24, 26, 28, 32, 35.) Most relevant to Ms. Zimmerman's Complaint is the OSHA provision prohibiting the placement of spinner knobs in certain types of industrial trucks:

> Steering or spinner knobs shall not be attached to the steering wheel unless the steering mechanism is of a type that prevents road reactions from causing the steering handwheel to spin. The steering knob shall be mounted within the periphery of the wheel.

29 C.F.R. § 1926.602(c)(1)(iv).

14

In Ohio, "[t]he concept of negligence *per se* allows the plaintiff to prove the first two prongs of the negligence test, duty and breach of duty, by merely showing that the defendant committed or omitted a specific act prohibited or required by statute; no other facts are relevant." *Lang v. Holly Hill Motel, Inc.*, 909 N.E.2d 120, 124 (Ohio 2009).

Target and Amerit both argue that Ms. Zimmerman cannot rely on alleged OSHA violations to impose liability on them because they were not her employer. They contend that OSHA regulations relate only to employers and do not provide a private cause of action. (Target Mot., PageID 2020–23; Amerit Mot., PageID 2067.) Target relies on two cases from the Sixth Circuit Court of Appeals in support of this argument, but those cases apply Tennessee law. (Target Mot., PageID 2020–23 (citing *Ellis v. Chase Commc'ns, Inc.*, 63 F.3d 473 (6th Cir. 1995) and *Teal v. E.I. DuPont de Nemours & Co.*, 728 F.2d 799 (6th Cir. 1984).) And Amerit cites two Ohio state-court cases analyzing OSHA violations in the context of negligence, not negligence *per se*. (Amerit Mot., PageID 2067 (citing *Anderson v. Ruoff*, 654 N.E.2d 449 (Ohio Ct. App. 1995); *State, ex rel. Goodyear Tire & Rubber Co. v. Tracey*, 583 N.E.2d 426 (Ohio Ct. App. 1990).)

But the applicable case law here—Ohio's case law on negligence *per se*—is more favorable to Target's and Amerit's position: "[A] violation of OSHA does not constitute negligence *per se*." *Hernandez v. Martin Chevrolet, Inc.*, 649 N.E.2d 1215, 1217 (Ohio 1995); *see also Lang*, 909 N.E.2d at 124 (stating that negligence *per se* claims may not be based upon administrative rules and regulations). Aside from OSHA regulations, Ms. Zimmerman does not allege violations of federal or state statutes as a basis for her negligence *per se* claim. (*See* Compl.) Accordingly, her negligence *per se* claim based on violations of OSHA regulations

15

cannot go forward. Target's and Amerit's Motions for Summary Judgment are **GRANTED** as to the negligence *per se* claim.

### D. Negligent Entrustment, Employment, Retention, and Repair

For her next claim, titled "negligent entrustment, employment, retention, and repair," Ms. Zimmerman alleges that all Defendants, including Target and Amerit, "breached duties to Ms. Zimmerman in [their] hiring, supervision, training, and/or retention of agents or employees related to [the truck's] mechanical condition." (Compl., ¶ 94.) This claim is difficult to ascertain because Ohio law does not recognize a cause of action for "negligent entrustment, employment, retention, and repair." Rather, based on the language used in the claim, it appears that Ms. Zimmerman's claim is one for "negligent hiring, supervision, and retention." The Court construes the claim as such.

To prevail on a claim for negligent hiring, supervision, and retention in Ohio, a plaintiff must establish: (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act causing the plaintiff's injuries; and (5) the employer's negligence in hiring, retaining, training, or supervising the employee proximately caused the plaintiff's injuries. *Herndon*, 791 F. App'x at 554; *Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 929 (6th Cir. 2013).

The Complaint does not expressly state the basis for this claim, but it appears to arise out of Target's contracting with Amerit to repair and maintain trucks and Amerit's employment of Mr. Robinson. There is no evidence in the record to suggest that Amerit or Mr. Robinson were incompetent in their work. Aside from conclusory statements, Ms. Zimmerman does not present any facts showing incompetence. (*See* Opp to Target Mot. PageID 2220; Opp to Amerit Mot.,

16

PageID 2395.) Accordingly, the claim cannot go forward. Thus, Target's and Amerit's Motions for Summary Judgment are **GRANTED** as to the "negligent entrustment, employment, retention, and repair" claim.

### E. Punitive Damages

Target and Amerit both move for summary judgment on Ms. Zimmerman's request for punitive damages. (Target Mot., PageID 2037–40; Amerit Mot., PageID 2070.) Ms. Zimmerman does not address these arguments, thereby abandoning her request for punitive damages. *See Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment.") (collecting cases). Still, the Court must determine whether Target and Amerit satisfied their burden to show that there is no genuine issue of material fact on this issue. *See Evans v. Plummer*, 687 F. App'x 434, 446 (6th Cir. 2017) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.") (quoting *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).

Because Target's Motion for Summary Judgment is granted on all claims, the issue of punitive damages is moot as to Target. *See Whetstone v. Binner*, 57 N.E.3d 1111, 1115 (Ohio 2016) ("Punitive damages . . . arise incident to compensable harm.); *Hartung v. Agarwal-Antal*, No. 29355, 2020 WL 1302236, at *7 (Ohio Ct. App. Mar. 18, 2020). But since the Court has determined that the negligence claim against Amerit may move forward, the Court proceeds to analyze whether Amerit has met its burden on the issue of punitive damages.

In Ohio, punitive damages may be awarded only upon a finding of actual malice. *Calmes v. Goodyear Tire & Rubber Co.*, 575 N.E.2d 416, 419 (Ohio 1991); *see also* Ohio Rev. Code § 2315.21(C)(1) (requiring that the "actions or omissions of [the] defendant demonstrate malice

17

or aggravated or egregious fraud" to recover punitive damages). This standard has been summarized as follows:

> Actual malice for these purposes is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. Something more than mere negligence is always required before an award of punitive damages may be made. . . . Before submitting the issue of punitive damages to a jury, a trial court must review the evidence to determine if reasonable minds can differ as to whether the party was aware his or her act had a great probability of causing substantial harm.

*Whitson v. One Stop Rental Tool & Party*, 84 N.E.3d 84, 91 (Ohio Ct. App. 2017) (citing *Preston v. Murty*, 512 N.E.2d 1174, 1176 (Ohio 1987)).

Amerit asserts that Ms. Zimmerman cannot show that any of its employees' actions were malicious. (Amerit Mot., PageID 2070.) The Court agrees. Nothing in the record supports concluding that Amerit's actions were "characterized by hatred, ill will, or a spirit of revenge," or a "conscious disregard for the safety of others that has a great probability of causing substantial harm." *Preston*, 512 N.E.2d at 1176. Notably, the remaining claim against Amerit is one for negligence, which the Ohio Supreme Court has expressly stated is insufficient to justify punitive damages. *Id.* Accordingly, Amerit's Motion for Summary Judgment on Ms. Zimmerman's request for punitive damages is **GRANTED**.

### III.     Target's Motion to Preclude Any Testimony or Evidence from Plaintiff's Experts

Target moves to "preclude any testimony or evidence from Ms. Zimmerman's experts" (ECF No. 132), and Amerit filed a notice seeking to join Target's Motion (ECF No. 136). Amerit's request to join the Motion To Preclude Any Testimony or Evidence from Plaintiff's Experts is **GRANTED**.

Target and Amerit ask the Court to issue an order "precluding Plaintiff from using expert witnesses to supply evidence on any future, motion, hearing, or at a trial." (ECF No. 132, PageID

18

2050.) They assert that Ms. Zimmerman failed to identify any expert witnesses as required by Federal Rule of Civil Procedure 26(a)(2) by the Court-imposed deadline. (*Id.* PageID 2052–53.) Because discovery is now closed, they argue Ms. Zimmerman should be barred from using expert testimony in this lawsuit. (*Id.*) In response, Ms. Zimmerman asserts that she provided timely disclosures and Target's and Amerit's motion is baseless. (ECF No. 134, PageID 2156.)

Rule 26(a)(2), which governs the disclosure of experts, is discussed in the Court's Scheduling Order:

> <u>EXPERT TESTIMONY</u>
>
> Primary expert reports must be produced by October 1, 2024. Rebuttal expert reports must be produced by December 1, 2024. If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties. If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties.

(ECF No. 24, PageID 180). None of Ms. Zimmerman's purported disclosures satisfies Rule 26(a)(2) as required by the Court's Scheduling Order. Instead, they are initial disclosures under Rule 26(a)(1). (*See* ECF Nos. 134-1, 134-2.) To date, Ms. Zimmerman has not filed any expert disclosures that satisfy Rule 26(a)(2).

According to Rule 26(a)(2)(D)(i), expert disclosures must be made at least 90 days before the trial date. Because trial is scheduled for September 14, 2026 (ECF No. 146), there are still more than 90 days until trial. Thus, the Court will allow Ms. Zimmerman one more opportunity to provide expert disclosures and will consider reopening discovery for the limited purpose of allowing Amerit to depose Ms. Zimmerman's experts.

Accordingly, Target and Amerit's Motion to Preclude Any Testimony or Evidence from Plaintiff's Experts is **DENIED WITHOUT PREJUDICE**. If Ms. Zimmerman intends to rely on expert testimony in this lawsuit, she is **ORDERED** to file the appropriate expert disclosures that comply with Rule 26(a)(2) **within 14 days** of this Order. Upon such filing, Amerit may file a

motion to reopen discovery for the limited purpose of deposing Ms. Zimmerman's experts. The motion must inform the Court how much time it will need to depose Ms. Zimmerman's experts. This is Ms. Zimmerman's final opportunity to file expert disclosures that comply with Rule 26(a)(2). If she fails to do so, Amerit may file a renewed motion to preclude Ms. Zimmerman from relying on expert testimony.

## IV.     Dismissal of John/Jane Does #1–25

In its prior Opinion and Order, the Court ordered Ms. Zimmerman to show cause regarding why the Court should not dismiss her claims against John/Jane Does #1–25 for failure to effect service. (ECF No. 76, PageID 499.) Ms. Zimmerman did not respond. Accordingly, under Federal Rule of Civil Procedure 21, John/Jane Does #1–25 are **DISMISSED**. Because Count Six of the Complaint is solely against John/Jane Does #1–25, Count Six is **DISMISSED WITHOUT PREJUDICE**.

### CONCLUSION

For the reasons stated above, Defendants Target and Amerit's Joint Motion to Dismiss Cross-Claim Without Prejudice (ECF No. 105) is **GRANTED** and Target's claim against Amerit is **DISMISSED WITHOUT PREJUDICE**. Defendant Target's Motion for Summary Judgment (ECF No. 131) is **GRANTED** and Defendant Amerit's Motion for Summary Judgment (ECF No. 133) is **GRANTED in part** and **DENIED WITHOUT PREJUDICE in part**. Defendant Amerit's Notice of Joinder with Target's Motion to Preclude Plaintiff's Experts (ECF No. 136) is **GRANTED**, but Defendant Target's Motion to Preclude Any Testimony or Evidence from Plaintiff's Experts (ECF No. 132) is **DENIED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate Defendant Target and Defendants John/Jane Does #1–25 on the Court's docket.

Within 14 days of the date of this Order, Plaintiff is **ORDERED** to file on the Court's docket (1) the work order reflecting the work performed on the truck around the time of the accident and (2) expert disclosures that comply with Federal Rule of Civil Procedure 26(a)(2). If Plaintiff fails to comply with either order, Amerit may file a renewed motion for summary judgment on the negligence claim and/or a renewed motion to preclude Plaintiff from relying on expert testimony.

Plaintiff's only remaining claim in this case is the negligence claim against Amerit with respect to the truck's defroster.

This case remains open.

**IT IS SO ORDERED.**

**3/27/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**