**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DAWN ZIMMERMAN,**

**Plaintiff,**

**v.**

**RUSS STEAMER SERVICE, LLC, *et al.*,**

**Defendants.**

**Case Number 2:24-cv-1153**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Defendant Amerit Fleet Solutions, Inc.'s ("Amerit") Amended Motion for Summary Judgment. (ECF No. 156.) Plaintiff Dawn Zimmerman[1] filed a response in opposition (ECF No. 160), and Amerit filed a reply (ECF No. 161). For the reasons stated in this Opinion and Order, Amerit's Motion is **GRANTED**.

## BACKGROUND

The Court previously summarized the factual and procedural background of this case in its March 2026 Opinion and Order on an initial round of summary judgment and related motions. (ECF No. 147.) In short, Ms. Zimmerman brings this action regarding injuries to her hand that she suffered while operating a yard truck at a distribution facility on October 30, 2019. (ECF No. 2, ¶¶ 39, 51–52.) According to Ms. Zimmerman, the defroster in her truck was defective and impaired her ability to see out of the window, causing her to strike a cement pole and resulting in her injuries. (Zimmerman Dep., ECF No. 129, 54:16–19, 61:2–8.)

[1] Ms. Zimmerman's response in opposition refers to her by a different last name. (ECF No. 160.) Because she has filed no motion or notice to update her name on the docket or in the case caption, the Court continues to refer to her as Ms. Zimmerman.

At the time of the accident, Ms. Zimmerman was employed by Russ Steamer Service, LLC. (*Id.* 30:16–18; ECF No. 128, 9:22–24.) Target Corporation owned the distribution facility and yard trucks, and it hired Russ Steamer Service to provide truck drivers for the facility. (ECF No. 128, 8:21–9:13; 26:18–27:1.) Target also contracted with Amerit to maintain and repair the yard trucks. (*Id.* 28:7–11; ECF No. 125, 15:5–9.)

Ms. Zimmerman sued Russ Steamer Service, Target, Amerit, and the State of Ohio Bureau of Workers' Compensation. (ECF No. 2.) The Court dismissed Ms. Zimmerman's claims against Russ Steamer Service, finding that it was entitled to workers' compensation immunity as her employer. (ECF No. 76.) Target and Amerit subsequently filed motions for summary judgment on the claims against them. (ECF Nos. 131, 133.) The Court granted summary judgment in favor of Target on all claims and in favor of Amerit on all claims except the negligence claim with respect to the truck's defroster, explaining that:

> A genuine issue of material fact seems to exist regarding Amerit's liability with respect to the defroster. There is no question that Amerit owed a duty to repair the yard trucks. And whether the defroster was broken determines whether Amerit breached that duty. The work order that reflects the work performed on the truck around the time of the accident seems to contain conflicting notes about the defroster.

(ECF No. 147, PageID 2678.) Yet neither party had provided that work order to the Court. Because Ms. Zimmerman was relying on the work order to establish a genuine issue of material fact (*see* ECF No. 140, PageID 2390, 2396), the Court ordered her to file it on the docket and denied without prejudice summary judgment on the negligence claim against Amerit with respect to the truck's defroster. (ECF No. 147, PageID 2680, 2687.)

Ms. Zimmerman and Amerit both filed the work order on the docket. (ECF Nos. 152, 155.) Relying on the work order, Amerit filed the instant Amended Motion for Summary

Judgment. (ECF No. 156.) Ms. Zimmerman filed a response in opposition (ECF No. 160), and Amerit replied (ECF No. 161).

**LEGAL STANDARD**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing that the nonmoving party lacks evidence to support an essential element of its claim. *Berryman v. SuperValu Holdings, Inc.*, 669 F.3d 714, 716–17 (6th Cir. 2012); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). When evaluating a motion for summary judgment, the court must view the factual evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

A genuine issue of material fact exists if the nonmoving party can present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 851 (6th Cir. 2017) (quoting *Moore v. Philip Morris Cos. Inc.*, 8 F.3d 335, 340 (6th Cir. 1993)). "The key issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Constr., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Liberty Lobby*, 477 U.S. at 251–52). In making that determination, the court does not weigh the evidence or determine the truth of the matter, but it decides whether a genuine issue exists for trial. *Liberty Lobby*, 477 U.S. at 249. "A mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat

summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (quoting *Liberty Lobby*, 477 U.S. at 252).

**ANALYSIS**

To prevail on a negligence claim in Ohio, a plaintiff must demonstrate a duty, a breach of that duty, proximate cause, and injury. *Menifee v. Ohio Welding Prods., Inc.*, 472 N.E.2d 707, 710 (Ohio 1984). As the contractor responsible for maintaining and repairing the yard trucks at the facility, Amerit had a duty to repair the defroster if it was defective or damaged. The parties dispute whether Amerit breached that duty by not repairing the defroster, which turns on whether the defroster was defective or damaged. If the defroster was not defective or damaged, Amerit could not have breached a duty. Amerit was not Ms. Zimmerman's employer. Amerit was hired to maintain and repair yard trucks.

Amerit asserts that there was no mechanical problem with the defroster, which is reflected in the work order and the mechanic's deposition testimony. (ECF No. 156, PageID 2731; ECF No. 161, PageID 2883–84.) Ms. Zimmerman argues that (1) the work order is Amerit's self-serving record of work allegedly performed the day after the accident; (2) it contains conflicting notations about the defroster's condition that create a genuine issue of material fact; and (3) the Court should refrain from making credibility and causation determinations, which are reserved for the jury. (ECF No. 160, PageID 2853–54.) The issue here is whether Amerit failed to repair a damaged or defective defroster.

The work order,[2] titled Repair Order Detail, is four pages and contains multiple service entries documenting work performed on the yard truck between October 31 and November 5, 2019. (ECF No. 152; ECF No. 155.) The entry referencing the defroster is dated October 31, 2019. (ECF No. 155, PageID 2729.) Two notations are relevant here. The Comments section states: "CHECK AND VERIFY DEFROST OPERATION CHECKED BUTTON IN WRONG POSITION WORKING." (*Id.*) Under Labor, the Description section states: "Blower Motor – Heater & Defroster, MISADJUSTED, REPAIRED." (*Id.*)

| | | | | | |
|---|---|---|---|---|---|
| **Section:** 1 | **Priority:** 5 | **Complaint:** | NEEDS INSPEC | **Rep Reason:** | DRIVERREPORT |
| **Component:** | 001-002-017 | **Cmp Descrip:** | Blower Motor - Heater & Defroster | | |
| **War Type:** | | **Unit War:** | None | | |
| **Comments:** | C - CHECK AND VERIFY DEFROST OPERATION CHECKED BUTTON IN WRONG POSITION WORKING | | | | |

**Labor**

| Date | Mechanic | Description | Currency | | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|
| 10/31/2019 | 14019 | Blower Motor - Heater & Defroster, MISADJUSTED, REPAIRED | US$ - United States Dollars | | 0.50 | 61.50 | 30.75 |

These notations do not create a genuine issue of material fact as to whether the defroster was defective or damaged. The word "repaired" is the only item in the work order that could suggest that the defroster was defective or damaged. Viewed in context, however, it does create a genuine issue of material fact because nothing in the work order indicates a defective or damaged part or any mechanical issues with the defroster. The comment stating "button in wrong position working," suggests that the defroster was not defective or damaged but that the knob was in the wrong position, or "misadjusted."

This is supported by both Ms. Zimmerman's and the mechanic's deposition testimony. Ms. Zimmerman testified that she took the truck to an Amerit mechanic, Matthew Robinson, twice that day. The first time, she said that Mr. Robinson turned the oscillating fan on and

[2] The authenticity of the document is not in dispute, so the Court will consider it in resolving the instant motion for summary judgment.

"played with the switches." (Zimmerman Dep., 55:21–56:5.) He also told her to keep the fan on and crack her window. (*Id.*) Mr. Robinson testified that he saw that the defroster knob was "not adjusted to the hot side to where it would let the vehicle defrost," so he turned the dial all the way to "hot" and the window began to defrost. (ECF No. 126, Robinson Dep., 10:15–18; 12:6–14; 25:15–26:1.) The second time Ms. Zimmerman took the truck to Mr. Robinson, he said there was nothing else he could do because "everything's working." (Zimmerman Dep., 57:5–12.) When asked about the work order in his deposition, Mr. Robinson stated he did not know what "defroster repaired" referred to. (Robinson Dep., 13:10–14:4.) He said that if he had repaired the defroster, he would have added detailed notes in the work order, as was required by his boss. (*Id.*) He also testified that he did not find anything wrong with the defroster when he inspected the truck the day after the accident. (*Id.* 23:4–9.)

Ms. Zimmerman argues that the work order is self-serving, despite previously relying on it to support her position that the defroster was defective. Nonetheless, "[a] court may not disregard evidence merely because it serves the interests of the party introducing it." *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 (6th Cir. 2010). Self-serving evidence is insufficient to survive summary judgment when, for example, it is "blatantly and demonstrably false" or "totally implausible." *Davis v. Gallagher*, 951 F.3d 743, 750 (6th Cir. 2020). Ms. Zimmerman makes no such showing here. The real problem for Ms. Zimmerman is that she offers no evidence that the defroster was defective or damaged. Her evidence only establishes that the windows were fogged, which does not supply evidence of a defect or damage to the defroster.

Ms. Zimmerman also argues that her deposition testimony and affidavit establish that "the defroster did not function adequately." (ECF No. 160, PageID 2856.) But any statements in her deposition and affidavit that the defroster was defective are conclusory and insufficient to

create a genuine issue of material fact. "The purpose of summary judgment is to determine whether a material fact dispute exists for the jury to resolve, not to replace conclusory allegations of the complaint . . . with conclusory allegations in an affidavit, verified complaint, or deposition." *Reedy v. West*, 988 F.3d 907, 914 (6th Cir. 2021) (citation modified); *see also Sigmon v. Appalachian Coal Props.*, 400 F. App'x 43, 48 (6th Cir. 2010) (explaining that an affidavit that "contains only conclusory allegations and naked conclusions of law" is insufficient to establish a genuine issue of material fact).

As for Ms. Zimmerman's argument that the Court should refrain from making credibility and causation determinations, this Opinion and Order makes neither determination. The Court does not consider whether or why the truck's windows fogged. The Court only concludes that Ms. Zimmerman's evidence does not create a genuine issue of material fact as to whether the defroster was defective or damaged.

Under the summary judgment standard, Amerit, as the movant, bears the initial burden of showing that Ms. Zimmerman lacks evidence that the defroster was defective or damaged such that Amerit breached its duty to repair it. *See Berryman*, 669 F.3d at 716–717. Amerit does so, relying on Mr. Robinson's deposition testimony and the work order. The burden then shifts to Ms. Zimmerman to present evidence that a genuine issue of material fact exists on the issue. *Liberty Lobby*, 477 U.S. at 251. A genuine issue exists when the nonmovant presents "significant probative evidence" showing that there is more than "some metaphysical doubt as to the material facts." *Anwar*, 876 F.3d at 851. In response, Ms. Zimmerman points to the conflicting notations in the work order and statements in her deposition testimony and affidavit that the defroster was defective. As explained above, that evidence does not create a genuine issue of material fact. Thus, Amerit's Amended Motion for Summary Judgment (ECF No. 156) is **GRANTED**.

With summary judgment granted in Amerit's favor, one Defendant remains in this case: the State of Ohio Bureau of Workers' Compensation ("BWC"). Ms. Zimmerman's Complaint brings a declaratory judgment claim against the BWC. (ECF No. 2, PageID 57.) She alleges that "a dispute exists among Ms. Zimmerman and the [BWC] on the rights and obligations of the [BWC]" related to bodily injury claims, medical claim payments, and lost employment payments. (*Id.*) The BWC filed an Answer, Counterclaim, and Cross-Claim stating that it "would be more properly classified as an additional Plaintiff to assert its statutory subrogation claims against Plaintiff and/or Defendants, pursuant to Ohio Revised Code § 4123.93(D)." (ECF No. 3, PageID 62.) In other words, the BWC could potentially recover some of the payments it made to Ms. Zimmerman if she prevailed in this lawsuit. Because Ms. Zimmerman and the BWC are the only remaining parties, they are **DIRECTED** to file a joint notice **within 5 days** of the date of this Opinion and Order informing the Court whether this case should be terminated.

## CONCLUSION

For the reasons stated in this Opinion and Order, (ECF No. 156) Defendant Amerit Fleet Solutions, Inc.'s Amended Motion for Summary Judgment is **GRANTED**. Also, (ECF No. 157) Defendant Amerit Fleet Solutions, Inc.'s Amended Motion for Discovery is **DENIED as moot** and (ECF No. 158) Defendant Amerit Fleet Solutions, Inc's Amended Motion to Strike is **DENIED as moot**.

Ms. Zimmerman and the State of Ohio Bureau of Workers' Compensation are **DIRECTED**, pursuant to this Opinion and Order, to file a joint notice **within 5 days** of the date of this Opinion and Order informing the Court whether this case should be terminated.

The Clerk is **DIRECTED** to terminate Amerit Fleet Solutions, Inc. on the docket.

**IT IS SO ORDERED.**

**7/30/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**